IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-10288
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN DARWIN EADS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 4:95-CV-368-E

_____

January 13, 1997

Before GARWOOD, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

John Eads (# 95443-131) has appealed the district court's denial of 28 U.S.C. § 2255 and coram nobis relief relative to his conviction for violating 18 U.S.C. App. § 1202(a). He has served his sentence for this offense, but he contends that the conviction has adversely affected the federal bank robbery sentence that he is now serving and that it has other adverse consequences.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

This action actually is one for § 2255 relief from the sentence for the bank robbery conviction. <u>See</u> <u>Meleng v. Cook</u>, 490 U.S. 488, 491-94 (1989). The district court did not err in denying § 2255 relief because Eads failed to show that his bank robbery sentence was adversely affected by the prior conviction. <u>See</u> <u>Hendrix v. Lynaugh</u>, 888 F.2d 336, 337-38 (5th Cir. 1980) (28 U.S.C. § 2254 habeas corpus case). Eads is not entitled to corum nobis relief relative to the § 1202(a) conviction because, even were that conviction declared invalid, it would have no effect on his current sentence. The enhancement of his bank robbery sentence was based on his committing that offense while released on bond for his § 1202(a) offense, not for the conviction itself. Eads has not shown that he is "suffering civil disabilities as a consequence of the {§ 1202(a)] conviction[]." <u>See</u> <u>United States v. Castro</u>, 26 F.3d 557, 559 (5th Cir. 1994). For these reasons, the district court's denial of relief is

A F F I R M E D.